UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| LEDARIUS K. OWENS, | ) | |
| | ) | Case Nos. 1:19-cv-1; 1:13-cr-141 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |
| | ) | |

**MEMORANDUM OPINION**

Before the Court is Petitioner Ladarius K. Owens's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Case No. 1:13-cr-141, Doc. 94; Case No. 1:19-cv-1, Doc. 1.) For the following reasons, Petitioner's motion will be **DENIED**.

**I. BACKGROUND**

On November 26, 2013, Petitioner was charged with two counts of robbery in violation of the Hobbs Act, 18 U.S.C. § 1951, and two counts of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). (Case No. 1:13-cr-141, Doc. 1.) On June 6, 2014, Petitioner pleaded guilty to two counts of Hobbs Act robbery. (Case No. 1:13-cr-141, Doc. 46.) Under the terms of the plea agreement, the Government agreed to dismiss the two counts for brandishing a firearm during and in relation to a crime of violence. (*Id.*)

Petitioner's revised presentence report calculated that his total offense level was 24 and that his criminal history category was VI, resulting in a corresponding guidelines range of 100 to 125 months' imprisonment. (Case No. 1:13-cr-141, Doc. 66, at 6, 15, 19.) In calculating

Petitioner's total offense level, the revised presentence report included a five-level enhancement for each robbery count for brandishing a firearm pursuant to United States Sentencing Guideline § 2B3.1(b)(2)(C). (*Id*. at 6.) At sentencing, Petitioner objected to application of the five-level enhancement for brandishing a firearm, but the Court overruled Petitioner's objection and sentenced him to 120 months' imprisonment and three years' supervised release. (*See* Case No. 1:13-cr-141, Doc. 85, at 3.) On appeal, the United States Court of Appeals for the Sixth Circuit held that the Court "properly applied the five-level enhancement" and affirmed Petitioner's conviction and sentence. (*Id*.)

On January 2, 2019, Petitioner filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Case No. 1:13-cr-141, Doc. 94; Case No. 1:19-cv-1, Doc. 1.) This motion is now ripe for the Court's review.

## II. STANDARD OF LAW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). Petitioner "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III. ANALYSIS

Although not entirely clear, Petitioner's motion appears to take issue with the Court's calculation of his sentencing-guidelines range. Specifically, Petitioner asserts that he received a

"two-point" enhancement to his offense level because the Court purportedly classified his Hobbs Act robbery offenses as "crimes of violence." (Case No. 1:13-cr-141, Doc. 94; Case No. 1:19-cv-1, Doc. 1.) Arguing that Hobbs Act robbery does not qualify as a crime of violence after the United States Supreme Court's ruling in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), Petitioner contends that the Court erred in calculating his guidelines range and requests that the Court resentence him after recalculating a guidelines range that does not include the two-point enhancement. (*Id.*)

Petitioner's motion pursuant to 28 U.S.C. § 2255 fails for multiple reasons. First, Petitioner's revised presentence report did not include a "crime-of-violence" enhancement. The only enhancements applied in calculating Petitioner's guidelines range were five-point enhancements for brandishing a firearm during a robbery under United States Sentencing Guideline § 2B3.1(b)(2)(C). (Case No. 1:13-cr-141, Doc. 66, at 6.) Application of this enhancement is not predicated on whether an offense is classified as a crime of violence. *See* U.S.S.G. § 2B3.1(b)(2). Moreover, the Sixth Circuit held that the Court properly applied this enhancement in affirming Petitioner's conviction and sentence on direct appeal. (*See* Case No. 1:13-cr-141, Doc. 85, at 3.)

Second, as the Government correctly notes, *Dimaya* only invalidated the residual-clause definition of "crime of violence" in 18 U.S.C § 16(b) as "unconstitutionally vague." *Dimaya* does not address the definition of "crime of violence" as used in the United States Sentencing Guidelines, and the Supreme Court has held that the United States Sentencing Guidelines are not subject to vagueness challenges. *Beckles v. United States*, 137 S. Ct. 886, 894 (2017). Finally, contrary to Petitioner's assertions otherwise, Hobbs Act robbery remains a "crime of violence" as defined under the "elements" clause set forth in 18 U.S.C § 924(c)(3)(A) even after the

Supreme Court's decision in *Dimaya*. *See In re Gordon*, No. 18-3449, 2018 WL 3954189, at *1 (6th Cir. Aug. 14, 2018) (citing *United States v. Gooch*, 850 F.3d 285, 291–92 (6th Cir.), *cert. denied*, 137 S. Ct. 2230 (2017)). Accordingly, the Court will **DENY** Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Case No. 1:13-cr-141, Doc. 94; Case No. 1:19-cv-1, Doc. 1.)

**IV. CONCLUSION**

For the reasons stated herein, the Court **DENIES** Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] (Case No. 1:13-cr-141, Doc. 94; Case No. 1:19-cv-1, Doc. 1.)

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

[1] Prior to filing the instant motion under 28 U.S.C. § 2255, Petitioner filed a motion requesting that the Court appoint him counsel to help him determine whether *Dimaya* entitles him to post-conviction relief. (Case No. 1:13-cr-141, Doc. 92.) Pursuant to Rule 8 of the Section 2255 Rules and 18 U.S.C. § 3006A, prisoners are permitted to ask the court to appoint counsel when they file a § 2255 motion, and the Court exercises discretion in choosing whether to grant such a motion. In this case, however, the record demonstrates that *Dimaya* does not afford Petitioner post-conviction relief from his sentence. Accordingly, Petitioner's motion to appoint counsel (Case No. 1:13-cr-141, Doc. 92) is **DENIED**.